LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 88666)
SUSAN T. KUMAGAI (State Bar No. 127667)
PAUL YANG (State Bar No. 163431)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendants
REGENTS OF THE UNIVERSITY OF CALIFORNIA,
STEVE GLADSTONE and MARK STEPHENS

ANDREW THOMAS SINCLAIR (State Bar No. 72681)
SINCLAIR LAW OFFICE
300 Frank H. Ogawa Plaza
Rotunda Building, Suite 160
Oakland, California 94612
Telephone:   (510) 463-5300
Facsimile:   (510) 465-5356

Attorneys for Plaintiff
KAREN MOE HUMPHREYS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MOE HUMPHREYS,<br><br>    Plaintiff,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No.  C-04-3808 SI<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Civil L.R. 7-11, Plaintiff Karen Moe Humphreys and Defendants Regents of the University of California ("the University"), Steve Gladstone and Mark Stephens (collectively "Defendants"), by and through their respective counsel of record, hereby stipulate and agree to the request for, and entry of, the following Protective Order so that confidential and private information and documents can be

STIPULATED PROTECTIVE ORDER
Case No.:  C-04-3808 SI

disclosed and produced by the parties and non-parties in this case:

1. Subject to paragraph 11(a), all documents, materials, items and/or information that contain or comprise the confidential, personal, financial, medical, personnel and/or private information of employees of the University or non-parties (hereinafter "Confidential Information") shall be governed by this Protective Order, after being designated as "CONFIDENTIAL" under the procedures set forth below.

2. Any information or material produced by any party or non-party ("the Producing Party") as part of discovery in this action may be designated by the Producing Party as "CONFIDENTIAL" under the terms of this Protective Order if the Producing Party in good faith believes that such information or material contains Confidential Information that must be protected from unauthorized disclosure or dissemination by this Protective Order.

3. The designation of Confidential Information for purposes of this Protective Order shall be made in the following manner by the Producing Party:

(a) In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" to each page containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Producing Party becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder, and

(b) In the case of depositions, counsel may designate a portion or all of the transcript as "Confidential" by notifying opposing counsel during the deposition or within twenty (20) days after the transcript is received that all or a portion of the deposition transcript contains "Confidential Information." Counsel shall acknowledge that a "CONFIDENTIAL" document shown to a witness during deposition has been designated as "CONFIDENTIAL" under this Protective Order at the time that the document is shown or marked as an exhibit. Documents or items that have been properly designated as "CONFIDENTIAL" under this Protective Order do not lose their designation as such if counsel fail or refuse to note that a document being shown or marked as an exhibit has been designated as "CONFIDENTIAL."

4. Information or material designated by any party or non-party as "CONFIDENTIAL," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) The parties to the action, the parties' counsel, and regular and temporary employees of such party or counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) The Court, pursuant to Paragraph 7 herein;

(c) Expert witnesses or consultants retained by counsel for the parties and identified to the party or non-party who provided the documents or information designated as "CONFIDENTIAL";

(d) Court reporters and videographers employed in connection with this action;

(e) Graphics or design services retained by counsel for the purpose of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action;

(f) Any mediator, arbitrator or neutral retained by the parties or appointed by order of the Court for the purpose of attempting to resolve this action through informal means or deciding specific discrete issues defined by the Court;

(g) Nontechnical jury or trial consulting services retained by counsel and identified to the party or non-party who provided the documents or information designated as "CONFIDENTIAL"; and

(h) Any other person only upon order of the Court or upon written stipulation of the Producing Party.

5. Each person given access to information or material designated as "CONFIDENTIAL" shall be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed or used other than in accordance with this Protective Order.

6. Other than as described herein, all items designated as "CONFIDENTIAL" under this Protective Order shall not be disclosed to any person or entity not a party to this litigation

1 without the prior written consent of all other affected parties or an order of the Court allowing for
2 such disclosure.

3   7. Unless otherwise stipulated, any "CONFIDENTIAL" material that is filed with
4 the Court shall be delivered sealed to the Court in a sealed envelope marked with the case name
5 and number of this action, the title of the paper which contains the information, or material
6 designated as "CONFIDENTIAL," and a statement substantially in the following form:

**CONFIDENTIAL UNDER PROTECTIVE ORDER**

**THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT. THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER.**

11   8. A party may challenge the Producing Party's designation of information or
12 materials produced herein as "CONFIDENTIAL" by promptly serving a written objection upon
13 the Producing Party. The Producing Party shall notify the challenging party in writing of the
14 bases for the asserted designation after receiving the written objection. The parties shall then
15 promptly meet and confer in good faith as to the validity of the designation after the challenging
16 party has received the notice of the bases for the asserted designation. To the extent the parties
17 are unable to reach a resolution through meet and confer, the information or materials shall be
18 treated as "CONFIDENTIAL" under this Protective Order unless and until the Court rules on the
19 appropriateness of the "CONFIDENTIAL" designation. It shall be the obligation of the
20 Producing Party to seek judicial confirmation that it appropriately made a "CONFIDENTIAL"
21 designation under the terms of this Protective Order. If the Producing Party fails to file a motion
22 seeking such judicial confirmation within ten (10) business days after the conclusion of meet-and-
23 confer efforts, then that party waives its right to assert the designation in this case. The parties
24 understand that they are to act in good faith at all times in the designation of information or
25 materials as "CONFIDENTIAL" and in subsequent meet-and-confer discussions concerning the
26 appropriateness of any party or non-party's "CONFIDENTIAL" designation. Any party may
27 seek an order from the Court that a particular document or other item designated as
28 "CONFIDENTIAL" is not confidential after meeting and conferring with opposing counsel

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

STIPULATED PROTECTIVE ORDER    3
Case No.: C-04-3808 SI

and/or counsel for any non-party in good faith.

9. All "CONFIDENTIAL" information and material covered by this Protective Order shall be kept in secure facilities at all times, and access to those facilities shall be permitted only to those designated persons set forth in Paragraph 4.

10. All counsel for the parties who have access to information or material designated as "CONFIDENTIAL" under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of the Court for purposes of enforcing the terms of this Protective Order.

11. Entering into, agreeing to, and/or producing or receiving information or materials designated as "CONFIDENTIAL" or otherwise complying with the terms of this Protective Order shall not:

(a) Operate as an admission by any party that any particular information or material designated as "CONFIDENTIAL" contains or reflects confidential, personal, financial, medical, personnel and/or private information;

(b) Operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be "CONFIDENTIAL" under the definition provided herein;

(c) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) Prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential or sensitive information; or

(g) Prevent the parties from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for

STIPULATED PROTECTIVE ORDER 4
Case No.: C-04-3808 SI

1 herein with respect to any particular information or material.

2     12. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its/his/her own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "CONFIDENTIAL" obtained lawfully by such party independently of any proceedings in this action.

    13. Parties and non-parties may retroactively designate documents, interrogatory responses, responses to requests for admission, or other materials "CONFIDENTIAL" pursuant to the terms of this Protective Order after the production or service of such documents, responses to interrogatories, responses to requests for admissions and/or other discover materials if the party believes in good faith that the materials should be so designated. In order to make such retroactive designation, the producing party shall provide the receiving party with corrected copies of such documents, interrogatory responses, responses to requests for admission, or other materials. Upon request, the receiving party shall take all necessary steps to retrieve and destroy all previously produced copies of the confidential documents or information. Upon request, the receiving party shall then promptly provide to the producing party a written statement of its compliance with the provisions of this Paragraph 14.

    14. The terms of this Protective Order shall apply to all manner and means of discovery demanded, produced, received or exchanged in this action.

    15. Any party may seek modification of this Protective Order by application to the Court on notice to the other parties hereto for good cause.

    16. The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within forty-five (45) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals from such orders, judgments or decrees, all persons having received information or materials designated as "CONFIDENTIAL" hereunder shall, upon request, return such material and all copies thereof (including summaries and excerpts) to counsel

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

for the Producing Party. Counsel for the parties may retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contains information or material designated as "CONFIDENTIAL" provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "CONFIDENTIAL" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

17. In the event that any information or material designated as "CONFIDENTIAL" hereunder is used in any court proceeding in this action or any appeal, such information or material shall not lose its confidential status through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pretrial order.

Dated: September 14, 2005         SINCLAIR LAW OFFICE


                                  /S/ Andrew Thomas Sinclair
                                  ANDREW THOMAS SINCLAIR
                                  Attorneys for Plaintiff
                                  KAREN MOE HUMPHREYS


Dated: September 14, 2005         LAFAYETTE & KUMAGAI LLP


                                  /S/ Paul Yang
                                  PAUL YANG
                                  Attorneys for Defendants
                                  REGENTS OF THE UNIVERSITY OF
                                  CALIFORNIA, STEVE GLADSTONE,
                                  and MARK STEPHENS

**ORDER**

Pursuant to the above Stipulation of Counsel,

IT IS ORDERED that the Stipulated Protective Order is adopted as a Protective Order of the Court.

*GRANTED*
*Judge Susan Illston*

**SIGNATURE ATTESTATION:**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

    /S/ Paul Yang
PAUL YANG

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on September 15, 2005, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

    /S/ Paul Yang
PAUL YANG

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

STIPULATED PROTECTIVE ORDER
Case No.: C-04-3808 SI

7