**United States District Court**
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    KAREN MOE HUMPHREYS,                    No. C 04-03808 SI

9              Plaintiff,                    **ORDER GRANTING PLAINTIFF'S**
                                             **MOTION TO COMPEL**
10        v.

11   REGENTS OF THE UNIVERSITY OF
     CALIFORNIA, et al.,
12
              Defendants.
13   _____/

14

15        Now before the Court is a discovery dispute in this matter.[1]  Plaintiff, Karen Humphreys, seeks

16   to compel third party Korn/Ferry International ("Korn/Ferry") to produce unredacted documents in

17   response to a subpoena.  Having considered the arguments presented, the Court GRANTS plaintiff's

18   motion.

19

20                                    **BACKGROUND**

21        Plaintiff Karen Humphreys is the former Assistant Athletic Director for Student Services at the

22   University of California, Berkeley ("UC Berkeley").  After she was laid off in March 2004, Humphreys

23   brought suit against the University of California, alleging that when she was laid off the University had

24   retained male employees who were less qualified and who had less seniority.  One of the allegations in

25   Humphreys's lawsuit involves a new athletic director UC Berkeley hired in 2001.  Humphreys alleges

26   that this new athletic director replaced the existing "Executive Team" in UC Berkeley's athletic

27 _____

        [1]Plaintiff brought this matter before the Court by letter brief dated January 12, 2006 (Docket No.
28   74).  Defendant responded on January 20, 2006 (Docket No. 76), and plaintiff replied on January 25,
     2006 (Docket No. 77).

department without considering qualified women.

Through discovery, Humphreys learned that Korn/Ferry had been hired to fill positions on the Executive Team.   Seeking to discover the candidates that were considered for these positions, Humphreys subpoenaed documents from Korn/Ferry related to recruiting for four positions.  Korn/Ferry produced approximately 250 pages of documents, all of which had the identifying information for the candidates redacted.  Although Humphreys requested that the redactions be removed, Korn/Ferry refused, stating that it would not disturb the confidentiality of the candidates without a court order.  Based on this statement, Humphreys filed the instant motion to compel.

## DISCUSSION

Korn/Ferry argues that the Court should deny plaintiff's motion because the information plaintiff seeks is protected by California law.[2]  In this case, however, federal law determines the evidentiary privileges that apply.  Fed. R. Evid. 501.  And there is no federal analog to the California privacy rights that Korn/Ferry seeks to invoke.

Federal Rule of Civil Procedure 26, however, allows a court to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2). "Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21, 104 S. Ct. 2199 (1984).

Here, however, the information sought is highly relevant to plaintiff's claims.  The identities of the candidates are necessary for plaintiff to establish their qualifications, information that is vital for her

_____

[2]One of the primary cases Korn/Ferry cites, *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990), has been explicitly disavowed by the Eastern District of California.  As that court stated in *Jackson v. County of Sacramento*, 175 F.R.D. 653, 654 (E.D. Cal. 1997):

Federal law governs the parties' dispute.  Fed. R. Evid. 501.  Despite defendant's repeated assertions to the contrary, the law of California, the forum state, does not inform federal privilege law.  *See Jaffee v. Redmond*, 518 U.S. 1, 116 S. Ct. 1923, 135 L. Ed.2d 337 (1996) (finding a federal psychologist-patient privilege without mention of the law of the forum state vis-a-vis the law of the whole 50 states). In this respect, *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548 (E.D. Cal.1990), *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal.1990), and *Pagano v. Oroville Hospital*, 145 F.R.D. 683 (E.D. Cal.1993), cited by defendant, have been overruled.

United States District Court

For the Northern District of California

1   claim that she was discriminated against, in part, because qualified women were denied consideration

2   for high level positions in UC Berkeley's athletic department.  Further, while the candidates listed on

3   the Korn/Ferry documents may have some privacy interest in preventing their identities from being

4   disclosed to the public, the Court does not find that interest to be particularly compelling.  Thus, the

5   Court finds that the relevance of the discovery outweighs any burden it might cause and ORDERS

6   Korn/Ferry to produce the documents at issue with the identities of the candidates unredacted.[3]

7

8                                    **CONCLUSION**

9          For the foregoing reasons, the Court GRANTS plaintiff's motion to compel (Docket No. 74).

10  Korn/Ferry shall produce the documents at issue without redacting the identifies of the candidates.

11

12         **IT IS SO ORDERED.**

13

14  Dated: February 13, 2006

15

16                                                          _____
                                                            SUSAN ILLSTON
                                                            United States District Judge

17

18

19

20

21

22

23

24

25  _____

26         [3]According to Korn/Ferry, the documents at issue have been redacted to remove three classes of information: 1) identifying information of job candidates; 2) private information of the candidates, such as social security numbers, addresses and telephone numbers; 3) and identifying information of individuals who provided references.  Plaintiff has stated that the only information she currently seeks is the identifying information of the candidates.  Thus, Korn/Ferry may leave continue to redact the other two categories of information.

27

28

United States District Court
For the Northern District of California