IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MOE HUMPHREYS, | No. C 04-03808 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | |
| Defendant. | |

Now before the Court is plaintiff's motion to compel.[1] Defendants object to the motion to compel, arguing that the motion is untimely and unjustified. Having carefully considered the papers filed by the parties, the Court GRANTS plaintiff's motion.

**BACKGROUND**

On September 9, 2004, plaintiff Karen Moe Humphreys filed suit against defendants Regents of the University of California, *et al.*, alleging that she had been discriminated and retaliated against when she was laid off from her position as Assistant Athletic Director for Student Services at the University of California, Berkeley. Plaintiff alleged that the decision to lay her off was based on her "being a strong and assertive woman who had spoken out against gender inequities in the Athletic

---

[1] Plaintiff's letter-brief motion is dated March 7, 2006 [Docket No. 90]. Defendants' letter-brief opposition is dated March 15, 2006 [Docket No. 97]. Plaintiff's reply is dated March 16, 2006 [Docket No. 100]. On March 24, 2006, plaintiff filed a supplemental letter, requesting permission to supplement her motion to compel to include defense counsel's instruction not to answer 11 questions at the deposition of Associate Chancellor John Cummins [Docket No. 121]. This order does not address that request because defendants have not yet had the opportunity to respond.

1 Department." Compl., ¶ 12. She also alleged that she had been laid off because she had spoken out in
2 opposition to the athletic department's non-compliance with NCAA rules. *Id.* at ¶ 35.

3 Discovery officially closed on February 17, 2006. Plaintiff now brings a motion to compel,
4 claiming that defendants' responses have been inadequate and that defendants have failed to fulfill their
5 discovery obligations.

## LEGAL STANDARD

Discovery under Federal Rules of Civil Procedure is "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b)(1). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. *Id*.

A motion to compel document production is appropriate when a party disobeys a proper request by refusing to produce relevant, non-privileged documents. Fed. R. Civ. P. 37(a)(2)(A), (B). The movant must certify that it has in good faith conferred or attempted to confer with the party failing to make discovery in an effort to secure information or material without court action. *Id.*; *see* Civil L.R. 37-1. Furthermore, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).

If a motion to compel is granted, the court shall require the party whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in making the motion, including reasonable attorney's fees, unless it finds the opposition was "substantially justified" or other circumstances make such award "unjust." Fed. R. Civ. P. 37(a)(4)(A).

## DISCUSSION

**1.     Timeliness of Motion to Compel**

Defendants argue that plaintiff's motion is time barred because it was filed on March 7, 2006,

2

which is after the February 24, 2006 deadline for filing dispositive motions. However, the parties have informally agreed to extend the deadline for various discovery proceedings, including the due date for defendants' response to plaintiff's final set of discovery requests and dates for three non-expert depositions. Further, defendants have yet to file a privilege log in this case. The Court finds that plaintiff's motion was properly filed under the circumstances.

**2.     Request for Waiver and Production of Privileged Documents**

Plaintiff requests that the Court deem that defendants have waived any privilege they have asserted because they have yet to produce a privilege log. *See Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005) (finding privileges waived where party did not produce privilege log for more than five months). Defendants respond that plaintiff has waived its right to a privilege log by delaying in requesting one, and that the issue is not properly before the Court because plaintiff has not adequately met and conferred on the issue.

The Court rejects defendants' argument. The duties Federal Rule of Civil Procedure 26(b)(5) places on a party that withholds documents based upon an assertion of privilege are not dependent upon the opposing party's request for the information. The withholding party has a clear duty to justify its assertion of the privilege that is independent of any request, and failure to do so results in waiver. Fed. R. Civ. P. 26(b)(5) (a withholding party "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.").

To comply with their discovery obligations, defendants must either produce a privilege log or suffer a waiver. Accordingly, the Court ORDERS defendants to produce their privilege log **no later than  April 7, 2006**; if they do not do so, the privileges they assert will be waived.

3

**3.      Request for All Information Relating to "Sweetheart" Deals**

During discovery, plaintiff has sought information relating to what she has termed "sweetheart deals" given to former members of the UC Berkeley athletic department. Defendants have refused to answer this discovery, raising blanket objections to plaintiff's interrogatories and document requests, and instructing witnesses not to answer during deposition.

Defendants argue that "the Athletic Department decided to lay off some of its employees to reduce expenses" and that this managerial decision to eliminate plaintiff's position is protected from review. *Cotran v. Rollins Hudig Hall Int'l.*, 17 Cal. 4th 93, 100 (1998) (stating that courts must be careful not to interfere with "managerial discretion" used when deciding whether to terminate an employee for good cause). Clearly, however, defendants are not allowed to limit discovery based merely upon their theory of the case. Plaintiff has shown that the information requested is "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Accordingly, the Court GRANTS plaintiff's motion with respect to plaintiff's interrogatories (set no.2) nos. 8-13 and plaintiff's requests for production (set no. 7) nos. 1-17, and 19.

**4.      Request for Production of Previously Identified Documents**

   **a.      Files maintained by Dan Coonan and Teresa Kuehn**

Plaintiff deposed former Executive Associate Athletic Director Dan Coonan on January 16, 2006. The deposition revealed that Coonan had left notes regarding gender equity issues in as many as ten binders located in his office before he left his position. Plaintiff requested access to those binders and defendants replied that the binders could not be found. Plaintiff then requested a declaration from the custodian of record regarding the binders. To this date, however, defendants have not produced such a declaration. Plaintiff argues that the search for the Coonan binders was not diligent enough and now requests an order for production of the aforementioned binders or a sworn verification by counsel detailing the nature and extent of the search and the circumstances surrounding the disposition of the binders. As plaintiffs have specifically identified the documents that they are seeking, the Court

4

believes that such a response is appropriate. Accordingly, the Court ORDERS defendants to produce the Coonan binders or submit a sworn verification detailing the nature and extent of the search they have conducted for the Coonan binders, **on or before April 7, 2006**.

In addition, Coonan's successor, Teresa Kuehn, has also taken notes concerning gender equity issues. Although Kuehn testified that she has twenty-four binders containing notes, she only produced 16 pages of documents at her deposition. Plaintiff argues that defendants' search for responsive documents in Kuehn's binders was not diligent enough. Plaintiff assertion is supported by Kuehn's admission, during deposition, that she did not copy or mark student complaints found in her binders and that Paul Yang, defendants' counsel, was denied access to the binders to verify that all responsive documents were produced. Plaintiff now requests an order compelling production of any additional responsive documents. The Court GRANTS plaintiff's request and ORDERS defendant to produce any additional responsive documents in Kuehn's binders **on or before April 7, 2006**.

### b.   Files maintained by David Moers and Campus Personnel Office

To date, plaintiff has not received any documents from Human Resources Director David Moers or from the Campus Personnel Office. As Moers is the Human Resources Director, it is highly likely that he was involved in the layoff process that terminated plaintiff's employment. Plaintiff moves for an order to compel defendant to produce responsive notes from Moers' files. The Court GRANTS this request and ORDERS defendant to produce any additional responsive documents in Moers' files **on or before April 7, 2006**.

### c.   Files maintained by Nancy Chu

According to plaintiff, Nancy Chu, Title IX officer, possesses eight letters from student athletes that are response to document requests. To this date, only four have been produced. Plaintiff seeks the other four letters and a confirmation that all of Chu's documents have been produced. The Court

5

GRANTS this request and ORDERS production of the other four responsive letters and that defendants provide a confirmation that all of Chu's documents have been produced **on or before April 7, 2006**.

### d. Gender Equity Committee Notes

Plaintiff has requested notes from the Gender Equity Committee meetings. At this time, plaintiff has not received any responsive documents. It appears that the meetings have been discontinued, although the precise date they ceased is unclear. The Court ORDERS defendant to produce all documents responsive to plaintiff's request for production (set no. 4) no. 10, **on or before April 7, 2006**. If no meetings took place during the relevant time frame, defendants may inform plaintiff of that fact by the same date.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to compel [Docket No. 90].

**IT IS SO ORDERED.**

Dated: April 3, 2006

SUSAN ILLSTON
United States District Judge