IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MOE HUMPHREYS,<br><br>    Plaintiff,<br><br>  v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>    Defendants.<br>_____/ | No. C 04-03808 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER DEPOSITION OF GLADSTONE AND AWARDING SANCTIONS** |

Now before the Court is plaintiff's motion to compel the further deposition of Steven Gladstone and an accompanying request for sanctions pursuant to Federal Rule of Civil Procedure 30(d)(3).[1] Defendants object to the motion to compel, arguing that the motion is untimely and unjustified. Having carefully considered the papers filed by the parties, the Court GRANTS plaintiff's motion.

**BACKGROUND**

On September 9, 2004, plaintiff Karen Moe Humphreys filed suit against defendants Regents of the University of California, *et al.*, alleging that she had been discriminated and retaliated against when she was laid off from her position as Assistant Athletic Director for Student Services at the University of California, Berkeley. Plaintiff alleged that the decision to lay her off was based on her "being a strong and assertive woman who had spoken out against gender inequities in the Athletic Department." Compl., ¶ 12. She also alleged that she had been laid off because she had spoken out in

---

[1] Plaintiff brought this matter before the Court through a letter brief dated March 16, 2006 [Docket No. 102]. Defendants' opposed this motion through a letter brief dated March 23, 2006 [Docket No. 119]. Plaintiff filed her reply on March 24, 2006 [Docket No. 126].

1 opposition to the athletic department's non-compliance with NCAA rules. *Id.* at ¶ 35.

2 On February 2, 2006, plaintiff deposed Steven Gladstone, former Athletic Director of the
3 University of California, Berkeley. Plaintiff now seeks to reopen Gladstone's deposition, arguing that
4 Gladstone's deposition is incomplete because defendants improperly instructed Gladstone not to answer
5 numerous questions. Plaintiff requests that defendants produce Gladstone for an additional half day of
6 deposition.

## LEGAL STANDARD

9 Discovery under Federal Rules of Civil Procedure ("Rule") is "accorded a broad and liberal
10 treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Parties may obtain discovery regarding any
11 matter, not privileged, which is relevant to the subject matter involved in the pending action. Fed. R.
12 Civ. P. 26(b)(1). For good cause, the court may order discovery of any matter relevant to the subject
13 matter involved in the action. *Id.*

14 A motion to compel is appropriate when "a deponent fails to answer a question propounded or
15 submitted under [Federal Rules of Civil Procedure] 30." Fed. R. Civ. P. 37(a)(2)(B). The movant must
16 certify that it has in good faith conferred or attempted to confer with the party failing to make discovery
17 in an effort to secure information or material without court action. *Id.*; *see* Civil L.R. 37-1.

18 If a motion to compel is granted, the court shall require the party whose conduct necessitated the
19 motion to pay the moving party the reasonable expenses incurred in making the motion, including
20 reasonable attorney's fees, unless it finds the opposition was "substantially justified" or other
21 circumstances make such award "unjust." Fed. R. Civ. P. 37(a)(4)(A).

## DISCUSSION

**1.  Timeliness of Motion to Compel**

25 Defendants argue that plaintiff's motion is time barred because it was filed on March 16, 2006,
26 which is after the February 24, 2006, cutoff for filing dispositive motions. Plaintiff, however, raised this
27 issue promptly with defendants and attempted to meet and confer until it became clear on March 13,
28 2006, that defendants would not produce Gladstone for an additional half day of deposition. Indeed,

United States District Court
For the Northern District of California

1 after the deposition plaintiff complained to defendants no less than eleven times about the deficiencies
2 of the Gladstone deposition.[2] Defendants did not provide plaintiff with a final answer until March 13,
3 2006. Plaintiff filed this motion three days later. Accordingly, the Court finds that plaintiff's motion
4 is not time-barred.

**2. Motion to Compel**

Plaintiff deposed defendant Gladstone on February 2, 2006. During the deposition Gladstone was asked a series of question that involved Chris Dawson, former Senior Woman Administrator. Before the deposition, Dawson's attorney sent defense counsel a letter authorizing Gladstone to answer any question regarding Dawson and waiving any privacy rights, subject to the protective order. Sinclair Decl., ¶ 4. Despite this fact, defense counsel instructed Gladstone to not answer any questions related to Dawson based on Dawson's privacy interests. Defense counsel's instruction to Gladstone was plainly improper.

Defendants argue that their managerial decision to eliminate plaintiff's position is protected from review, and that plaintiff's questions about Dawson are therefore irrelevant. *Cotran v. Rollins Hudig Hall Int'l.*, 17 Cal. 4th 93, 100 (1998) (stating that courts must be careful not to interfere with "managerial discretion" used when deciding whether to terminate an employee for good cause). Defendants, however, are not allowed to limit discovery based upon their theory of the case.

Plaintiff has shown that the information requested is "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Because of defense counsel's improper instruction not to answer, and because of other disruptive conduct, the Court GRANTS plaintiff's motion and ORDERS defendants to produce Gladstone for an additional half day of deposition. Any instruction not to answer which is not in strict accordance with the terms of Federal Rule of Civil Procedure 30(d)(1) will be subject to further sanctions.

---

[2] Plaintiff wrote defendants about deposing Gladstone for an additional half day on February 3, 15, and 24, 2006, and on March 3, 7, 9, 10, 14, and 16, 2006. Sinclair Decl., Exhs. B, C, D, E, F, G, H, J, L. In addition, plaintiff met and conferred with defendants about the additional Gladstone deposition on February 6 and March 2, 2006. Sinclair Decl., ¶¶ 10, 12.

3

### 3. Sanctions Pursuant to Federal Rule of Civil Procedure 30(d)(3)

Rule 30(d)(3) states, "[i]f the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof." As stated above, defense counsel was plainly unjustified in instructing Gladstone not to answer plaintiff's questions. Plaintiff is therefore awarded reasonable fees and costs associated with bringing this motion, and Gladstone's additional half day of deposition shall be at defendants' expense.

Plaintiff shall submit her statement for fees and costs to defendants **on or before April 7, 2006.**

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to compel and ORDERS defendants to produce Gladstone for an additional half day of deposition. The court further GRANTS plaintiff's request for sanctions and ORDERS that defendants reimburse plaintiff for reasonable fees and costs associated with this motion and that defendants pay the costs associated with Gladstone's additional deposition [Docket No. 102].

**IT IS SO ORDERED.**

Dated: April 3, 2006

SUSAN ILLSTON
United States District Judge