IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MOE HUMPHREYS, | No. C 04-03808 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | |
| Defendants. / | |

On April 14, 2006, the Court heard argument on defendants' motion for summary judgment in this case. Having considered the arguments of counsel and the papers submitted, and for good cause appearing, the Court hereby DENIES the motion.

**DISCUSSION**

Plaintiff Karen Moe Humphreys is a decorated athlete and coach[1] who was formerly employed as Assistant Athletic Director ("AAD") for Student Services by the University of California, Berkeley ("UC Berkeley"). After working for UC Berkeley for 26 years, plaintiff was laid off in February 2004 when her position was eliminated from the Athletic Department. Plaintiff filed this suit on September 9, 2004, seeking damages for what she alleges was an illegal layoff. Her fourth amended complaint contains three general legal theories of liability: first, that her layoff was the product of gender

---

[1] More specifically, Humphreys is a former world-record holder in the 200-meter butterfly and won the gold medal in that event in the 1972 Munich Olympics. Humphreys Decl., ¶¶ 3-4  In 1987, she was named the NCAA Division I Swimming and Diving Coach of the Year for her performance as Head Swimming and Diving Coach at UC Berkeley. Humphreys Decl., ¶ 17.

discrimination; second, that she was laid off in retaliation for speaking out about gender issues in the Athletic Department; and third, that she was laid off in retaliation for speaking out about the department's lack of compliance with NCAA regulations. Defendants now move for summary judgment, claiming that plaintiff cannot support any of her claims.

Defendants' brief raises a host of arguments against plaintiff's claims of gender discrimination.[2] The vast majority of these arguments, however, stem from defendants' theory that plaintiff's termination was part of a legitimate reduction in force. While defendant may very well be able to establish this theory of the case at trial, plaintiff has introduced adequate evidence to raise a genuine issue of material fact as to whether her layoff was a product of illegal discrimination. For example, plaintiff has provided a copy of an investigation conducted by UC Berkeley that found that the athletic department was a hostile work environment for women and had "retaliatory issues" during the time period before plaintiff was laid off. Plaintiff has also provided evidence that a position for which she was likely qualified was filled shortly before her layoff, raising the inference that defendants did not want her to be able to transfer into the position.

As to the retaliation allegations, plaintiff has provided evidence showing that her name was placed on the layoff list shortly after she complained to UC Berkeley investigators that her superiors were not treating women fairly. In addition, plaintiff has provided evidence showing that a position for which she was likely qualified was filled almost immediately after she told her superiors about the Athletic Department's lack of compliance with NCAA regulations. The Court finds that this evidence is sufficient to create a genuine issue of material fact with regard to plaintiff's retaliation claims.

Accordingly, the Court finds that genuine issues of material fact exist and therefore DENIES defendants' motion for summary judgment.

///

///

---

[2]Defendants also claim that plaintiff has not adequately exhausted many of her claims because she failed to exhaust state court remedies. The Court agrees with plaintiff, however, that she was not required to exhaust any state court remedies to pursue the claims she has set forth in her complaint.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion for summary judgment (Docket No. 105).

**IT IS SO ORDERED.**

Dated: April 17, 2006

SUSAN ILLSTON
United States District Judge