**United States District Court**
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    KAREN MOE HUMPHREYS,                    No. C 04-03808 SI

9              Plaintiff,                    **ORDER RE: PLAINTIFF'S REQUEST
                                             FOR SANCTIONS**
10      v.

11   REGENTS OF THE UNIVERSITY OF
     CALIFORNIA, et al.,
12
               Defendants.
13   _____/

14

15          Now before the Court is yet another motion by plaintiff for discovery sanctions in this matter.

16   For the following reasons, and for good cause shown, the Court hereby DENIES plaintiff's motion.

17
                                    **DISCUSSION**
18
            Plaintiff originally filed a motion to compel on March 7, 2006.  The motion requested relief from
19
     the Court in three areas.  First, plaintiff sought a ruling that defendants had waived any claim of
20
     privilege based on their failure to produce a privilege log.  The Court denied this request, but ordered
21
     defendants to produce a privilege log by April 7, 2006, or else the privilege would be deemed waived.
22
     Second, plaintiff sought to compel defendants to respond to interrogatories and document requests
23
     concerning so-called "sweetheart deals" between UC Berkeley and former members of the Athletic
24
     Department.  The Court granted this request, and ordered defendants to respond to plaintiff's discovery
25
     requests by April 7, 2006.  Finally, plaintiff sought an explanation from defendants concerning their
26
     failure to produce a number of documents that had been identified in depositions of former members
27
     of the Athletic Department.  The Court also granted this request, and ordered defendants to produce the
28

documents or to provide "a sworn verification detailing the nature and extent of the search" for the documents by April 7, 2006..

Plaintiff filed the instant motion on April 10, 2006, claiming that defendants had failed to comply with the Court's order.

**1.      Privilege Log**

Following this Court's prior order, defendants produced a privilege log on April 7, 2006, identifying fourteen documents that defendants had withheld because of various privileges.  Plaintiff argues, first, that the privilege log is suspiciously thin given the number of privileges defendants have asserted in this case, and second, that the privilege log is inadequate to prevent waiver of the privilege. *See Burlington N. & Santa Fe R.R. v. U.S. Dist. Court*, 408 F.3d 1142 (9th Cir. 2005) (setting out requirements that privilege logs must meet in order to avoid waiver).

As to the documents identified on the privilege log, the Court declines to find that the privilege has been waived.  While the privilege log lacks any sort of description of the subject of many of the documents, the Court believes that the privilege log contains sufficient information to constitute a good faith effort at compliance with this Court's order.  If plaintiff is concerned with the applicability of a privilege to any particular document, she may meet and confer with defendants to have them produce a description of the document.

The Court agrees with plaintiff, however, that the privilege log contains suspiciously few documents.  In particular, the log contains no entries for redacted documents.  As this case has been referred to Magistrate Judge Laporte, who has past experience working with defense counsel to produce an adequate privilege log, *see* Borden Decl., Exh. 10, the parties should work with Judge Laporte to ensure that defendants' log is complete.

**2.      Discovery Requests**

Defendants contend that they are in the process of responding to plaintiff's discovery requests. At this moment, given that a month has passed since defendants filed their responsive brief, it is unclear to the Court whether defendants have responded to plaintiff's interrogatories or produced additional

United States District Court

For the Northern District of California

1    documents in response to plaintiff's discovery requests.  Thus, the Court believes that this matter should

2    also be referred to Magistrate Judge Laporte.  The Court notes, however, that defendants have had more

3    than adequate time to respond to this Court's prior order.  If defendants have not yet responded in full,

4    the Court believes sanctions will be warranted.

5

6    **3.      Documents Identified in Depositions**

7         Defendants' response to this Court's prior order that they produce declarations describing the

8    "nature and extent" of their search for documents was adequate.  Plaintiff's prior motion sought

9    confirmation that defendants had produced all documents in four classes of documents.

10        First, plaintiff sought confirmation that defendants had produced all files from Dan Coonan and

11   Teresa Kuehn regarding gender equity issues.  Defendants produced a sworn declaration from Coonan's

12   former administrative assistant that she searched through "all of Mr. Coonan's files" and could not find

13   the binders of notes mentioned by Coonan in his deposition.  Def. Oppo. Br. Exh. D.  In addition,

14   defendants produced a declaration from Kuehn, stating that she had searched through her notes and had

15   produced all documents in her possession.  *Id.* at Exh. G.

16        Second, plaintiff sought confirmation that defendants had produced all files from David Moers.

17   In response, Valerie Ventre-Hutton produced a declaration stating that she conducted a search for notes

18   or documents held by Moers, and had not been able to locate any responsive documents.  *Id.* at Exh. I.

19        Third, plaintiff sought confirmation that defendants had produced all files from Nancy Chu.  In

20   response, defendants produced four student letters from Chu.  They also produced a declaration from

21   attorney G. Martin Velez, stating that he asked Chu about documents "regarding the 2002/2003

22   investigation of an Assistant Athletic Director at the University of California, Berkeley, other than a

23   January 27, 2003 correspondence to the Assistant Athletic Director and the February 4, 2003 Title IX

24   report."  *Id.* at Exh. K.  The Velez declaration states that Chu confirmed that she had no additional

25   responsive documents.

26        Finally, plaintiff requested notes from Gender Equity Committee.  In response to this Court's

27   order, defendants produced a declaration from Teresa Kuehn, stating that no Gender Equity Committee

28   meetings were held beginning in 2001.  *Id.* at Exh. G.  To the extent plaintiff's request seeks documents

United States District Court

For the Northern District of California

3

1
2

after 2001, the Court finds the Kuehn declaration adequate.  If, however, notes from the Gender Equity Committee exist from before 2001, defendants must produce those documents.

3

4

**CONCLUSION**

5
6
7

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's current motion for sanctions but refers the identified discovery disputes to Magistrate Judge Laporte for consideration and resolution, including sanctions if ultimately deemed necessary. [Docket #199.]

8

9

**IT IS SO ORDERED.**

10

11

Dated: May 22, 2006

12

13

SUSAN ILLSTON
United States District Judge

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California