IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KAREN MOE HUMPHREYS,

        Plaintiff,

  v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,

        Defendants.

_____/

No. C 04-03808 SI

**ORDER DENYING PLAINTIFF'S REQUEST FOR EVIDENTIARY SANCTIONS**

Now before the Court is a discovery dispute in this matter. Plaintiff seeks evidentiary sanctions against defendants for conduct that occurred at the reopened deposition of John Cummins. For the following reasons, the Court DENIES plaintiff's motion.

**DISCUSSION**

Plaintiff originally took the deposition of Cummins on March 21, 2006. During the deposition, defense counsel instructed Cummins not to answer eleven questions covering three general subject areas: a so-called "sweetheart deal" involving Executive Associate Athletic Director Mark Stephens; another "sweetheart deal" with Athletic Director Stephen Gladstone; and the report of Edmond Fennessy about the University's compliance with its own policies in laying off plaintiff. After the deposition, the parties unsuccessfully met and conferred about these questions, after which plaintiff moved this Court to compel answers to the questions.

The Court granted plaintiff's motion to compel. Unfortunately, because plaintiff's motion accidentally referred to Gladstone as Stephens, thereby omitting any reference to Gladstone, this Court's

United States District Court

For the Northern District of California

order did not include any direct reference to the question about Gladstone.[1]  Based on this oversight, when Cummins's deposition was reopened defense counsel asserted that any questions about Gladstone were beyond the scope of the Court's order.  Because plaintiff believes that this position was improper, and because of other conduct of defense counsel at the reopened deposition, plaintiff moves for sanctions.

**DISCUSSION**

The brunt of plaintiff's motion is focused at defense counsel's instruction to Cummins not to answer the question about Gladstone.  The Court, however, cannot find this sanctionable.  While plaintiff had the correct understanding of the intent of this Court's order, that order unfortunately did not refer to Gladstone by name.  Defense counsel was therefore technically correct in his observation that the Court's order explicitly mentioned only Stephens and Fennessy.  The Court cannot find that defense counsel was wholly unreasonable in his interpretation of the prior order.

Plaintiff also challenges defense counsel's conduct during the rest of the deposition, arguing that defense counsel made inappropriate speaking objections and removed Cummins from the room to coach him.  The Court has reviewed the deposition transcript, and does not believe that defense counsel's conduct was sanctionable.  While defense counsel removed Cummins from the room on two occasions, those occasions occurred when questions were pending that may have implicated the attorney-client privilege.  Aside from that aspect, the questions posed were not particularly sensitive, and there is no indication that defense counsel was improperly coaching the witness.  As for defense counsel's objections, they were more verbose than necessary under the federal rules, but were not so improper as to warrant sanctions.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court DENIES plaintiff's motion for

---

[1]Because of this error, the Court's order was somewhat ambiguous. While it granted the motion to compel regarding all eleven questions that plaintiff identified, it erroneously stated that these questions only involved Stephens and Fennessy.

United States District Court

For the Northern District of California

1  evidentiary sanctions [Docket No. 255].

2

3       **IT IS SO ORDERED.**

4

5  Dated: May 22, 2006

6                                                    _____

7                                                    SUSAN ILLSTON
                                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California