1
2
3
4
5
6
7        IN THE UNITED STATES DISTRICT COURT
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   KAREN MOE HUMPHREYS,                     No. C-04-03808 SI (EDL)

11              Plaintiff,                    **ORDER FOLLOWING JUNE 13, 2006
                                              DISCOVERY CONFERENCE**
12      v.

13    REGENTS OF THE UNIVERSITY OF
      CALIFORNIA, et al.,
14
15              Defendants.
      _____/
16
17          On June 13, 2006, the Court held a discovery conference in this case.  For the reasons stated
18   at the hearing, the Court issues the following order.

19   1.     Defendants were not prepared at the discovery conference to argue and allow the Court to

20          resolve legal issues such as waiver of the attorney-client privilege.  Therefore, these issues

21          will be resolved by formal motion.  Plaintiff may file a motion on the regular 35-day

22          schedule to be heard no earlier than August 8, 2006.

23   2.     No later than June 19, 2006, Defendants shall provide to Plaintiff and file with the Court a

24          privilege log that complies with this Court's standing discovery order.  In addition,

25          Defendants shall review their document production to date for redacted documents and shall

26          include those on the privilege log.  The parties shall meet and confer before bringing any

27          disputes regarding the privilege log to the Court.  If necessary, the Court will engage in

28          limited <u>in camera</u> review of a small number of documents if Plaintiff challenges Defendants'

            assertion of privilege.  In particular, the Court will conduct an <u>in camera</u> review of document

            number 12 on the privilege log dated December 13, 2002.  Defendants shall produce that

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    document for in camera review no later than June 19, 2006.

2  3.    On or before June 20, 2006, Defendants shall make available to Plaintiff for inspection and

3    copying all Sawyers investigation documents to Plaintiff.  Production is subject to the

4    existing protective order, which does not expire for purposes of this discovery only until

5    further Order of this Court.  No later than June 20, 2006, Defendants shall also produce the

6    Sawyers privilege log to Plaintiff.

7  4.    Plaintiff served written discovery seeking information about alleged "sweetheart deals" made

8    by Defendants under which certain UC employees were given lucrative contracts but did not

9    have to work.  No later than June 14, 2006, Defendants shall provide any and all documents

10    pertaining to the nature and scope etc., of any work that Mr. Stephens has done for

11    Defendant U.C. Regents since leaving his full-time employment.  Defendants state that they

12    have otherwise fully responded to this discovery.  After production of the Stephens

13    document, Plaintiff may propound a request for admission on Defendants seeking an

14    admission that other than the settlement agreements already produced and documents, if any,

15    produced on this topic, there is no other documentation pertaining to work done under so-

16    called "sweetheart deals."

17  5.    The Court will address any sanctions issue through regularly noticed motion.

18  6.    Plaintiff seeks all documents from the following University server paths: s/complaint

19    resolution/cases/ICA; s/complaint resolution/ICA and s:\Complaint

20    Resolution\Cases\Athletics\ICA action plan drt 4-14.doc.  Plaintiff's entitlement to these

21    documents depends at least in part on resolution of the waiver issue, which will be decided

22    after further briefing.  However, as written, the request for these documents is overbroad.  In

23    the meantime, Defendants shall preserve the contents of those server paths.  Plaintiff shall

24    provide an explanation to Defendants as to where they obtained these particular server paths.

25    Defense counsel shall find out how those server paths can be searched, for example, whether

26    there is an index for the server paths or whether those paths can be searched using search

27    terms, and inform Plaintiff.

28  7.    Defendants shall search Michael Smith's and Jeffrey Blair's files for any Gender Equity

Committee notes, Executive Team meeting notes predating January 8, 2003, and Executive Team notes between April 16 and June 6, 2004.

8.    The parties shall meet and confer in an effort to stipulate to the authenticity of documents that Plaintiff wishes to offer at trial. If Defendants will not stipulate to the authenticity of the documents, Plaintiff has the right to obtain the original documents. The parties shall meet and confer in an attempt to identify handwriting on relevant trial documents.

9.    Future meet and confer sessions shall be transcribed either by a court reporter or through audio tape. If the Court is not is session, the parties may hold meet and confer sessions in the courtroom using the Court's audio recording equipment and the Court will have an extern attend the meet and confer session if available.

**IT IS SO ORDERED.**

Dated: June 15, 2006

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California

3