IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MOE HUMPHREYS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C-04-03808 SI (EDL)<br><br>**ORDER DENYING IN PART AND DEFERRING RULING IN PART DEFENDANTS' MOTION TO MAINTAIN CONFIDENTIALITY OF CERTAIN PRODUCED DOCUMENTS AND DEPOSITION TESTIMONY AND ORDERING DOCUMENTS REDACTED** |

In this employment discrimination action brought by Plaintiff Karen Moe Humphreys against Defendants Regents of the University of California, et al., Defendants have moved to maintain confidentiality of over one thousand pages of documents produced to Plaintiff during discovery and deposition testimony. This is not the first time that Defendants have sought a confidentiality designation for a large number of documents. To the contrary, Defendants' prior designation of documents as confidential, Judge Illston observed that: "Defendants appear to have improperly designated a large number of documents as confidential . . . [which] places an enormous burden on both the parties, and through the overuse of sealed filings, on the court." Apr. 3, 2006 Order Den. Pl.'s Mot. to Vacate Am. Stipulated Protective Order at 1:16-18. Subsequently, Judge Illston found that Defendants categorically marked a "vast quantity of documents" as confidential, including 18,162 pages of emails, public filings such as a state court complaint, and publicly available documents such as newspaper articles, and concluded that "for the vast majority of documents they have designated as confidential, Defendants have provided no justification whatsoever to defend their designations." May 23, 2006 Order Granting Mot. to Vacate Protective Order at 2:3-8; 2:21-23; 3:28-4:1. Judge Illston concluded that: "All documents produced in this litigation will lose their

1  confidential status 30 days after the entry of this order. If defendants wish to maintain a document's
2  confidential designation, they must make a specific request to the Court prior to that time." Id. at
3  4:9-12.
4      In general, "a party asserting good cause for sealing bears the burden, for each particular
5  document it seeks to protect, of showing that specific prejudice or harm will result if no protective
6  order is granted." Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1022, 1130 (9th Cir. 2003).
7  Here, Defendants' motion to maintain confidentiality is deficient in that it does not demonstrate
8  good cause for sealing each of the documents, and instead makes general arguments that certain
9  categories of documents are confidential, yet still includes documents that are clearly not
10 confidential, such as a newspaper article. See Ex. A-1 at DEF003141-DEF003142. Further,
11 Defendants' reliance on state law is misplaced. Indeed, Judge Illston has already ruled in this case
12 that state law privileges do not apply in this case based on federal claims. See Feb. 13, 2006 Order
13 Granting Pl.'s Mot. to Compel at 2:12-13. Given that Defendants have failed to heed Judge Illston's
14 ruling that any future motion to maintain confidentiality identify "specific documents that
15 [Defendants] believe should be kept confidential, including justifications. . . ," the Court has grounds
16 to simply deny this current motion. See May 23, 2006 Order Granting Mot. to Vacate Protective
17 Order at 4:4-5. However, the Court is concerned about the privacy rights of third parties, so it has
18 determined that at least some portions of these documents require redaction.
19     According to Defendants, Exhibit A-1 contains confidential personnel records. But even a
20 brief examination of that exhibit reveals documents that are plainly not privileged, including a
21 newspaper article and job descriptions. Defendants have failed to make a particularized showing
22 that the entire exhibit should be under seal. However, the records in Exhibit A-1 shall be redacted to
23 conceal the names and personal identifying information of third parties, including students and
24 outside job applicants, and shall be redacted to conceal personal identifying information (such as
25 social security numbers), but not names, of internal job applicants. Plaintiff stated at the hearing that
26 she had no objection to these redactions. Defendants agreed that internal job applicants' identities
27 were not confidential. Because the redactions eliminate the need for sealing, Defendants' motion to
28 seal the personnel records in Exhibit A-1 is denied.

Exhibit A-2 contains excerpts of depositions that Defendants want sealed because the testimony refers to documents contained in Exhibit A-1. Defendants' request to seal or redact personal identifying information from this exhibit is denied.

According to Defendants, Exhibit C-1 contains documents from student files. Records from student files are entitled to heightened protection under federal law. See Owasso Undep. Sch. Dist. No. I-011 v. Flavo, 534 U.S. 426, 428-29 (2002); 20 U.S.C. § 1232g. However, at the hearing, Defendants stated that they wanted to protect only the names and personal identifying information of the students referenced in records contained in Exhibit C-1. Therefore, Exhibit C-1 shall be redacted to conceal the names, personal identifying information, financial information and/or medical information of students. Plaintiff has agreed that she will not file any document without these redactions. Therefore, Defendants' motion to file Exhibit C-1 under seal is denied.

At 5:49 p.m. on August 8, 2006, after the hearing on Defendants' motion, Defendants filed a last minute request that the Court defer ruling on that portion of the motion relating to privileges asserted by Defendants that are also at issue in Plaintiff's motion to compel, which is scheduled to be heard on August 22, 2006. The Court has determined that only Exhibits B-1 and B-2 are affected by this request. The Court will defer ruling definitively on the confidentiality of Exhibits B-1 and B-2 until it has considered the relevant portions of those briefs.

**IT IS SO ORDERED.**

Dated: August 10, 2006

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge