United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MOE HUMPHREYS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. C-04-03808 SI (EDL)<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSOLIDATE BRIEFING SCHEDULES OF PLAINTIFF'S AUGUST 15 AND 22 MOTIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO ENLARGE TIME AND PROHIBIT FILINGS** |

　　　　On August 15, 2006, Plaintiff filed a motion for continued enforcement of the Court's Order regarding identification of handwriting and authentication of documents and a motion for continued enforcement of the Court's Order regarding the Sawyers investigation document production. These motions are set for hearing on September 19, 2006. On August 22, 2006, Plaintiff filed a motion for continued enforcement of the Court's order regarding business justification and a motion for continued enforcement of the Court's order regarding server paths. These motions are set for hearing on September 26, 2006.

　　　　On August 23, 2006, Plaintiff filed an administrative motion seeking to consolidate the briefing schedules for these four motions and to have them heard on September 26, 2006. Defendants opposed this motion.

　　　　On August 24, 2006, Defendants filed an administrative motion seeking to continue the hearing currently scheduled for September 26, 2006 to October 17, 2006, and to continue the briefing schedule accordingly, because counsel is in trial in Alameda County Superior Court and so would have difficulty timely opposing all of Plaintiff's motions. Defendants also seek a court order prohibiting Plaintiff from filing additional motions while defense counsel is in trial. Plaintiff opposed this motion.

1  On August 29, 2006, Defendants filed oppositions to Plaintiff's motions that are scheduled to be heard on September 19, 2006. That date is also preferable for the Court. Accordingly, Plaintiff's motions for continued enforcement of the Court's Order regarding identification of handwriting and authentication of documents and a motion for continued enforcement of the Court's Order regarding the Sawyers investigation document production shall be heard on September 19, 2006. Plaintiff shall file reply briefs on the regular schedule no later than September 5, 2006. Plaintiff's administrative motion to consolidate the briefing schedules of her motions is therefore denied.

Because defense counsel represents that the September 26, 2006 hearing date for the other two motions filed on August 22, 2006 is a hardship and because that date is also problematic for the Court, the Court grants in part Defendant's administrative motion to continue the hearings and briefing schedules of Plaintiff's motions that are currently scheduled for hearing on September 26, 2006.[1] In so ruling, the Court relies on counsel's representation that Defendant is preserving all potentially relevant information that currently exists, including on its computer system in server paths and elsewhere. Accordingly, the hearing on Plaintiff's motions for continued enforcement of the Court's order regarding business justification and for continued enforcement of the Court's order regarding server paths is scheduled for October 10, 2006 at 2:00 p.m. No later than September 19, 2006, Defendants shall file oppositions to these motions. Plaintiff shall file her replies no later than September 26, 2006.

Defendants' administrative motion seeking an order prohibiting Plaintiff from filing additional motions while defense counsel is in trial is denied. Defendants have made no showing to justify this kind of relief. In any event, Plaintiff represented in her papers that she does not plan to file any more motions until the pending motions are resolved.

**IT IS SO ORDERED.**

Dated: August 30, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] Being in trial does not, of course, create an automatic exception from obligations in this case.

2