1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   KAREN MOE HUMPHREYS,                    No. C-04-03808 SI (EDL)

9            Plaintiff,                     **ORDER GRANTING IN PART**
                                            **PLAINTIFF'S MOTION TO COMPEL**
10      v.                                  **PRODUCTION OF DOCUMENTS ON**
                                            **PRIVILEGE LOG**
11   REGENTS OF THE UNIVERSITY OF
     CALIFORNIA, et al.,
12
             Defendants.
13   _____/

14

15          On April 3, 2006, Judge Illston ordered Defendants to produce a privilege log:  "To comply

16   with their discovery obligations, defendants must either produce a privilege log or suffer a waiver.

17   Accordingly, the Court ORDERS defendants to produce their privilege log **no later than April 7,**

     **2006**; if they do not do so, the privileges they assert will be waived."  Apr. 3, 2006 Order at 3:22-24
18
     (emphasis in original).  After Defendants produced a privilege log in response to this Order, Judge
19
     Illston stated in a further Order that: ""While the privilege log lacks any sort of description of the
20
     subject of many of the documents, the Court believes that the privilege log contains sufficient
21
     information to constitute a good faith effort at compliance with this Court's order."  However, Judge
22
     Illston also found that the log "contained suspiciously few documents," and referred the matter to
23
     this Court to make sure the log was complete.  May 22, 2006 Order at 2:14-16, 2:19, 2:22-23.
24
            Pursuant to this Court's June 15, 2006 Order, Defendants filed a revised privilege log on
25
     June 19, 2006 containing twenty-nine entries for withheld documents and thirty-nine entries for
26
     redacted documents.  On July 18, 2006, Plaintiff filed this motion seeking production of most of the
27
     privilege log documents on the grounds that they are either not privileged or the privilege has been
28
     waived.  After Plaintiff filed this motion, Defendants produced items 15, 16 and 26 from the log.

     With respect to the documents that Plaintiff does not seek to compel, Plaintiff seeks an in camera

**United States District Court**
For the Northern District of California

1   review to determine if the documents are properly on the privilege log.  Defendants opposed this

2   motion and Plaintiff filed a reply.

3         On August 9, 2006, the day after Plaintiff's reply was filed, Defendants provided an

4   addendum to the privilege log including documents that had been recently uncovered as Defendants

5   were searching computer server paths pursuant to this Court's Order to do so.  The addendum

6   contains thirty-five previously undisclosed documents, many of which are drafts of documents

7   already listed on the June 19, 2006 privilege log.  The Court permitted further briefing regarding the

8   documents on the addendum.  Because this matter was appropriate for decision without oral

9   argument, the Court vacated the August 22, 2006 hearing.

10        **Privilege Log Entry 10:** Defendants asserts the attorney-client privilege for this document,

11  but none of the authors or recipients on this e-mail chain appear to be attorneys.  Defendants state

12  that they communicated to Plaintiff that the request for information in the e-mail came from outside

13  counsel, so the document is privileged.  No later than September 15, 2006, Defendants shall amend

14  the privilege log to reflect a complete description of this e-mail chain and provide the document to

15  the Court for in camera review.

16        **Privilege Log Entry 11:** Defendants assert third party privacy rights for this document,

17  which is described as a handwritten note with names and phone numbers of students.  This

18  document has apparently been produced, but in a redacted form.  Records from student files are

19  entitled to heightened protection under federal law.  See Owasso Indep. Sch. Dist. No. I-011 v.

20  Flavo, 534 U.S. 426, 428-29 (2002); 20 U.S.C. § 1232g.  However, Defendants have previously

21  produced to Plaintiff documents containing identifying student information under a protective order,

22  which are subject to redaction if they are filed with the Court.  This document should be treated in

23  the same manner and, if filed with the Court, shall be redacted to conceal the names, personal

24  identifying information, financial information and/or medical information of students.

25        **Privilege Log Entry 12:** Defendants assert the attorney-client privilege for this document,

26  entitled "Confidential - Intercollegiate Athletics: Draft Summary of Fact Finding Investigation to

27  Date."  Defendants have waived any privilege that arguably may have attached to this document for

28  two reasons.  First, a University investigator answered questions about this draft document during

**United States District Court**
For the Northern District of California

2

her February 24, 2006 deposition and defense counsel did not object.  See Sinclair Decl. Ex. N; McCormick on Evid. § 93 (6th ed.).  Second, this document was publicly filed on May 3, 2006 and remains available on the Alameda County Superior Court website in connection with another case against these Defendants.  Defendants claim that the document was inadvertently produced, but Defendants' request to seal that document has been denied twice by the Superior Court.  Despite the Superior Court's rulings, Defendants now ask this Court to find that the document was inadvertently produced and to order its return to Defendants.  Even if Defendants did not intend to waive the privilege (see Weil v. Investment/Indicators, Research & Management, 647 F.2d 18, 24 (9th Cir. 1981) ("the subjective intent of the party asserting the privilege is only one factor to be considered in determining whether waiver should be implied.")), other circumstances warrant a finding of waiver.  Notably, Defendants did not seek to seal the document in the Superior Court or to include it on a privilege log in this case until almost six weeks after learning of its production.  In addition, the listing of this document on the original privilege log was misleading, describing it as "Minutes and agenda," which only relates to a cover page while the document itself is clearly labeled as a draft summary of an investigation.

Moreover, there is evidence that Defendants made representations to Judge Illston that were not correct regarding statements in the draft summary, especially the statement that "women need to be beaten."  First, Defendant stated in an April 2006 motion in limine that it was "unaware when, where, or by whom this statement was allegedly made."  Apr. 18, 2006 Motion in Limine Number 16 at 1:24-25.  Second, Defendants stated in their April 10, 2006 Reply to their Motion for Summary Judgment that "there is no support for the inflammatory comment about women being beaten."  Apr. 10, 2006 Reply at 9:5.  Yet the December 2002 draft summary attributes the statement that "women should be beaten early" to "AD," who Plaintiffs state in their brief is the Athletic Director (Gladstone) and Defendants do not deny that attribution.[1]  Defendants now seek to downplay these statements as mere argument, not an incorrect statement of fact, as if it were acceptable to mislead a

---

[1]    Defendants also argued that "Plaintiff cannot prove that any decision-makers made derogatory comments about women" and that "no documents exist that show such comments were made," citing Plaintiff's deposition testimony.  See Defs.' Mot. for Summ. J. at 10:4-7 (docket number 113).  While it is true that Plaintiff did not have the evidence, Defendants knew it existed.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    court in argument.

2         Accordingly, Plaintiff's motion to compel production of privilege log entry number 12 is

3    granted.

4         **Privilege Log Entries 13 and 14:** According to Defendants, these are separate reports of the

5    Sawyers investigation that were provided to attorney Smith so he could provide legal advice to

6    Defendants.  To the extent that they are subsequent versions of the December 2002 draft summary,

7    privilege has been waived as to these documents because they are within the subject matter of the

8    draft summary.  Weil v. Investment/Indicators, Research and Management, Inc., 647 F.2d 18, 24

9    (9th Cir. 1981) (recognizing that voluntary disclosure of the content of an attorney-client

10   communication waives the attorney-client privilege as to all other communications on the same

11   subject matter).  Moreover, with respect to entry 14, Defendants produced notes of a meeting on

12   February 4, 2003, the same date as entry 14, showing that the subject of the Sawyers investigation

13   and the report were extensively discussed.  See Wagner Decl. Ex. C at 2155-56.

14        Further, by affirmatively pleading as a defense that any actions taken by Defendants were

15   taken after investigation, Defendants have waived privilege as to all documents relating to that

16   investigation.  See Walker v. County of Contra Costa, 227 F.R.D. 529 (N.D. Cal. 2005) ("Where a

17   party puts the adequacy of its pre-litigation investigation at issue by asserting the investigation as a

18   defense, the party must turn over documents related to that investigation, even if they would

19   ordinarily be privileged.").  Defendants argue that the affirmative defense based on investigation

20   was for "defendant's position that the elimination of Athletic Department positions was based upon

21   an investigation of the need for those positions, in light of the budget crisis," not for the Sawyers

22   investigation, and that the defense was asserted long before Plaintiff alleged retaliation based on

23   comments made by her to Sawyers investigators.  On its face, however, this defense is not limited to

24   the elimination of positions, and it was asserted in answer to the second amended complaint, which

25   alleged gender discrimination.  Also, if Defendants believed the defense did not apply once Plaintiff

26   amended her complaint, Defendants should have amended the answer.  In fact, the defense

27   specifically refers to "any actions alleged by plaintiff to have been made or done by defendants."

28        Accordingly, Plaintiff's motion to compel production of privilege log entries 13 and 14 is

4

**United States District Court**
For the Northern District of California

1   granted in part.  Defendants shall produce those documents except that they may redact actual legal

2   advice.

3        **Privilege Log Entries 17-25, 27-29:** Plaintiff argues that these documents, which appear to

4   be various letters and e-mails among University personnel and counsel regarding Plaintiff's claim,

5   should be produced because any privilege has been waived because they were not listed on the

6   original log.  Defendants argue that these documents, which are all dated in 2004, were inadvertently

7   left off the original log, but have not provided a viable explanation for their inadvertence.

8   Accordingly, even applying the holistic approach to waiver of <u>Burlington Northern & Santa Fe

9   Railroad Co. v. United States District Court</u>, 408 F.3d 1142, 1148-49 (9th Cir. 2005), the

10  circumstances of this case warrant finding waiver of the attorney-client privilege.  However, to the

11  extent that there are documents reflecting attorney-client communications made after this litigation

12  was filed, those documents may be withheld without being listed on the privilege log.  Therefore,

13  Plaintiff's motion to compel production of entries 17-25 and 27-29 is granted in part.  Defendants

14  shall produce entry 17, which is dated before the start of this litigation.  Entries 18-25, 27 and 29

15  need not be produced as they are post-litigation documents.  Entry 28 is an e-mail chain containing

16  messages from before and after the commencement of litigation; Defendants shall produce this

17  document for <u>in camera</u> review no later than September 15, 2006.

18       **Documents redacted on privacy grounds:**  Plaintiff argues that redacted documents 1-5

19  and 33-37, which have been redacted on privacy grounds, should be produced in non-redacted form.

20  Most of the documents contain student addresses and phone numbers that have been redacted based

21  on the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.  The student

22  information should not be redacted from the documents but, as described above, if the documents

23  are filed in court, the filing party should redact the identifying information.

24       Defendants redacted document 37 based on the right to privacy of a third party

25  whistleblower complaint involving a man unrelated to the athletics department.  Plaintiff is entitled

26  to his name, although the name and other identifying information should be redacted in any court

27  filings.

28       **Production <u>in camera</u> of privilege log entries 1-9:**  Plaintiff asks the Court to review the

**United States District Court**
For the Northern District of California

1   remaining log documents (and any others that are not ordered produced) in camera to confirm that

2   they are actually privileged because Defendants' prior logs have been misleading in their document

3   description.  Although these documents appear to be privileged based on the log's descriptions, the

4   Court is mindful that Defendants have provided inadequate log descriptions in the past (compare

5   April 7, 2006 Log Entry number 12 with June 19, 2006 Log Entry number 12) and, after this motion

6   to compel was filed, produced three documents that they previously listed on the June log as

7   privileged.  Therefore, the Court will review log entries numbers 1-9 in camera.  Defendants shall

8   submit these documents no later than September 15, 2006.

9       **Addendum to privilege log:**  On August 9, 2006, Defendants provided an addendum to the

10  privilege log including thirty-five additional documents that it found on an archive CD which it

11  discovered when it began to preserve the server paths as required by this Court's Order.  The thirty-

12  five items on the Addendum relate to the Sawyers investigation by University personnel in 2002-

13  2003.  Defendants argue that Addendum Entries 2-20 and 31-33 are drafts of privilege log numbers

14  13 and 14, and that Addendum Entries 21-28 and 34-35 are draft versions of privilege log numbers

15  12.  See Defs.' Supp. Brief at 4:13-14.  The other three addendum documents (entries 1, 29 and 30),

16  according to Defendants, are either part of the privilege log documents 12-14 or communications

17  between attorney and client regarding legal advice with respect to the privileged reports.  These

18  documents are either dated before this litigation was filed or have no date.  Because the Court has

19  found that the attorney-client privilege has been waived with respect to Privilege Log Entries 12-14,

20  the Addendum documents are within the same subject matter (in fact, some appear to be copies or

21  drafts of the draft summary itself) and so are included in the waiver.

22      **IT IS SO ORDERED.**

23  Dated: September 11, 2006

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge

24

25

26

27

28

6