IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MOE HUMPHREYS,<br><br>    Plaintiff,<br><br>  v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>    Defendants.<br>_____ / | No. C-04-03808 SI (EDL)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONTINUED ENFORCEMENT OF THE COURT'S JUNE 15, 2006 ORDER REGARDING SAWYERS INVESTIGATION DOCUMENTS** |

On June 15, 2006, the Court issued an order stating, *inter alia*, that:

> On or before June 20, 2006, Defendants shall make available to Plaintiff for inspection and copying all Sawyers investigation documents to Plaintiff. Production is subject to the existing protective order, which does not expire for purposes of this discovery only until further Order of this Court. No later than June 20, 2006, Defendants shall also produce the Sawyers privilege log to Plaintiff.

June 15, 2006 Order at 2:2-6. On August 16, 2006, Plaintiff filed this motion seeking an order permitting her to subpoena the law firm of Siegel & Yee, which represented Mr. Sawyers in his lawsuit against the University, seeking production of all documents produced in the Sawyers litigation and all available transcripts of depositions taken. This motion has been fully briefed. Because the matter was appropriate for decision without oral argument, the Court vacated the September 19, 2006 hearing.

Defendants argue that they have complied with the Court's Order by producing all documents from the Sawyers investigation file *which were produced in the Sawyers matter*. The Court's Order, however, was not so limited, and instead required production of all Sawyers investigation documents. Moreover, the Court has found that Defendants waived any privilege as to the Sawyers investigation documents. See Sept. 11, 2006 Order (docket number 510).

Accordingly, Defendants shall produce those documents. In addition, if Defendants have not already produced all documents regarding meetings with decision-makers over results of the Sawyers investigation, they must do so. If there are no additional documents, Defendants shall provide a declaration from the person or persons most knowledgeable regarding the diligent search done for responsive documents and attesting that they have produced all documents relating to the Sawyers investigation whether or not those documents were produced in the Sawyers case. Defendants shall also specifically identify any categories of documents from the Sawyers case that they are not producing, such as worker's compensation documents, that they claim are irrelevant or make up the discrepancy in Bates-stamp numbers identified by Plaintiff.

Plaintiff's request for permission to subpoena the law firm that represented Mr. Sawyers is denied.

**IT IS SO ORDERED.**

Dated: October 16, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge