IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MOE HUMPHREYS,<br><br>    Plaintiff,<br><br>  v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>    Defendants.<br>_____/ | No. C-04-03808 SI (EDL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CONTINUED ENFORCEMENT OF THE COURT'S JUNE 15, 2006 ORDER REGARDING IDENTIFICATION OF HANDWRITING AND AUTHENTICATION OF DOCUMENTS** |

On June 15, 2006, the Court issued an order stating, *inter alia*, that:

> The parties shall meet and confer in an effort to stipulate to the authenticity of documents that Plaintiff wishes to offer at trial. If Defendants will not stipulate to the authenticity of the documents, Plaintiff has the right to obtain the original documents. The parties shall meet and confer in an attempt to identify handwriting on relevant trial documents.

June 15, 2006 Order at 3:3-6. On August 16, 2006, Plaintiff filed this motion seeking an order requiring Defendants to identify all authors of handwritten notes on documents, and to authenticate all documents that have been produced or state why the documents cannot be authenticated. This motion has been fully briefed. Because the matter was appropriate for decision without oral argument, the Court vacated the September 19, 2006 hearing.

**Identification of handwriting**

The first category of documents for which Plaintiff seeks identification of handwriting is investigator notes. Defendants argue that Plaintiff's failure to propound discovery on this issue warrants their refusal to provide the identifications. This argument is not well-taken. In general, Plaintiff has not had an opportunity to obtain full and fair discovery. See May 23, 2006 Order (docket number 371) at 1:19-25 ("Over the course of this litigation, plaintiff has on numerous

1 occasions brought to the attention of the Court defendants' halfhearted responses to their discovery
2 obligations. Although some of plaintiff's motions have been denied, many have been meritorious.
3 Further, many of plaintiffs motions have raised significant questions about the adequacy of
4 defendants' discovery responses although they have not been the object of a specific request for
5 relief from this Court."). In this instance, Defendants argue that they have complied with the
6 Court's Order by simply meeting and conferring with Plaintiff, which does not fall within the spirit
7 of the Order that the parties reach an agreement through the meet and confer process. Defendants
8 appear to have no real substantive objection to identifying the handwriting and indeed are able to do
9 so. Therefore, in the interests of rectifying prior discovery conduct and of case management for
10 smooth trial preparation, Defendants must identify the handwriting on the investigator notes. Cf.
11 Adolph Coors Co. v. American Ins. Co., 164 F.R.D. 507, 516 (D. Colo. 1993).

12 The second category of documents for which Plaintiff seeks identification of handwriting is
13 Plaintiff's trial exhibits. As stated above, the Court is not persuaded by Defendants' primary
14 argument that Plaintiff's failure to propound discovery on this issue justifies Defendants' refusal to
15 identify the handwriting on these documents, a task which is within Defendants' abilities.
16 Defendants' additional argument that the handwriting on some documents is irrelevant is similarly
17 unpersuasive; Plaintiff should not have to rely on Defendants' interpretation of what is relevant. For
18 the reasons stated above in connection with the investigator notes, Defendants must identify the
19 handwriting on the trial exhibits.

20 The third category for which Plaintiff seeks identification of handwriting is documents
21 produced after the close of discovery. In particular, Plaintiff seeks the identification of the
22 handwriting on the Sawyers draft summary document. The Court has found that Defendants waived
23 any privilege with respect to this document and so Defendants must identify the handwriting.
24 Plaintiff also seeks identification of authors of handwriting on recently produced Sawyers
25 investigation materials. Because these investigation materials are not materially different than the
26 investigator notes for which the Court has already ordered Defendants to identify handwriting,
27 Defendants shall also identify the handwriting on the Sawyers investigation documents.
28

**Authentication**

The question for authentication is whether the document "is what [the document's] proponent claims" it is. Fed. R. Evid. 901(a). Plaintiff seeks authentication for four categories of documents: (1) documents containing handwriting; (2) e-mail messages on Plaintiff's trial exhibit list (numbers 23, 33, 34, 69, 70 and 72); (3) a recommendation letter for Plaintiff and student letters; and (4) all other documents produced by Defendants.

Where a party produced documents during discovery, those documents are deemed authentic when offered by the party-opponent. See Orr v. Bank of America, 285 F.3d 764, 777 n. 20 (9th Cir. 2002). Therefore, to the extent that Defendants produced any documents for which Plaintiff seeks authentication during discovery, those documents are deemed authentic.

Moreover, Judge Illston's pretrial order provides that:

> **Ten court days** prior to the Pretrial Conference, the parties shall make a good faith effort to stipulate to exhibits' admissibility**.** If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection. Then the matter shall be presented at the pretrial conference.

Defendants have failed to show that they made a good faith effort as required by Judge Illston's order with respect to the documents for which Plaintiff seeks authentication. For example, Defendants have provided no justification for failing to authenticate documents containing handwriting. Their argument that they cannot agree to authentication because they "do not know who plaintiff purports to have authored" the documents (Defs.' Opp'n to Pl.'s Mot. at 15:11-12) does not demonstrate good faith. Further, it appears that the only impediment to authenticity of the e-mail messages on Plaintiff's exhibit list is that the "send" dates on the e-mails may not be accurate, a problem that Defendants say they are addressing but have not made any showing as to when and how they are doing so. See Defs.' Opp'n to Pl.'s Mot. at n 16. If Defendants have not already resolved the "send" date issue, they shall do so no later than October 25, 2006. In addition, Defendants say they cannot stipulate that the student letters "were composed by the people who are purported to have composed them." Defs.' Opp'n to Pl.'s Mot. at 17:17-18. This position is not well-taken and does not demonstrate a good faith effort to resolve the authentication issue; Defendants have been treating these letters as genuine

3

1  and have vigorously defended the confidentiality designations on those letters. Because
2  Defendants have not shown that they have made a good faith effort to stipulate to authenticity,
3  the remaining documents identified by Plaintiff in this motion are deemed authentic.
4  **IT IS SO ORDERED.**
5  Dated: October 18, 2006

*[signature: Elizabeth D. Laporte]*
ELIZABETH D. LAPORTE
United States Magistrate Judge