IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MOE HUMPHREYS, | No. C-04-03808 SI (EDL) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | |
| Defendants. | |

On July 18, 2006, Plaintiff filed a motion for sanctions, seeking monetary sanctions pursuant to Federal Rule of Civil Procedure 37, 28 U.S.C. § 1927 and the Court's inherent power based on Defendants' over-designation of documents as confidential. This matter was fully briefed. Because this matter was appropriate for decision without oral argument, the Court vacated the August 22, 2006 hearing.

Plaintiff argues that Defendants violated several court orders entitling her to monetary sanctions pursuant to Rule 37(b). Rule 37(b) states in relevant part:

> (b) Failure to Comply With Order.
> * * *
> (2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> * * *
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b); Fed. R. Civ. P. 37(b) Advisory Committee Notes, (1970 Amendment) ("The scope of Rule 37(b)(2) is broadened by extending it to include any order 'to provide or permit discovery,' including orders issued under Rules 37(a) and 35. Various rules authorize orders for discovery - e.g., Rule 35(b)(1), Rule 26(c) as revised, Rule 37(d). [citation omitted]. Rule 37(b)(2) should provide comprehensively for enforcement of all these orders.").

Plaintiff argues that Defendants' over-designation of documents as confidential and designation as confidential categories of documents, rather than specific documents, violated the protective orders in this case. Judge Illston entered a stipulated protective order on September 16, 2005. A party should only to designate documents as confidential if it had a good faith belief that they were confidential. See Sept. 16, 2005 Order (docket number 48) at ¶ 2.

On October 21, 2005, the parties filed a stipulated amended protective order containing essentially the same language. The amended protective order states in relevant part:

> Any information or material produced by any party or non-party as part of discovery in this action may be designated by the Producing Party as confidential under the terms of this Protective Order if the Producing Party in good faith believes that such information or material contains Confidential Information that must be protected from unauthorized disclosure or dissemination by this Protective Order.

Oct, 24, 2005 (docket number 62) at ¶ 2. Plaintiff argues that, in violation of this Order, Defendant designated a vast number of documents as confidential, including 18,162 e-mail messages. See, e.g., THK America v. NSK Co., 157 F.R.D. 637, 645 (N.D. Ill. 1993) (stating that designation of at least 79% of documents containing trade secrets and other research and development information as attorney's eyes only was "absurdly high."). Judge Illston noted that: "rather than individually reviewing the 18,162 pages of emails they produced for confidential information, defendants marked everyone as confidential, effectively shifting the costs of assessing the confidentiality of those documents to plaintiff." May 23, 2006 Order at 2. Even if, as Defendants contend, the designations occurred prior to entry of the protective orders, once the orders were entered and certainly after Judge Illston's May 23, 2006 Order, Defendants had an obligation to review their confidentiality designations in light of the protective orders. They did not do so, and continued to maintain the confidentiality of a large number of documents.

1	The protective order also required that the parties meet and confer regarding challenges to
2	the confidentiality designations. <u>See</u> Oct. 24, 2005 Order (docket number 62) at ¶ 8.  Moreover, in
3	Judge Illston's first order denying Plaintiff's motion to vacate the protective order, she noted that
4	"defendants appear to have improperly designated a large number of documents as confidential.
5	Improperly designating documents as confidential places an enormous burden on both the parties
6	and, through the overuse of sealed filings, on the Court. Accordingly, the parties are instructed to
7	meet and confer regarding the documents that plaintiff believes have been improperly designated."
8	April 3, 2006 Order (docket number 166) at 1.  The parties essentially agree that there was a failure
9	to meet and confer, but dispute which party was at fault for that failure.  Plaintiff, however, has
10	provided evidence to support her position that Defendants were at fault, while Defendants failed to
11	provide any contrary evidence.  <u>See</u> Mot. re: Prot. Order docket number 298 Ex, 4, 6, 9-12 (letters
12	from Plaintiff's counsel memorializing Defendant's refusal to meet and confer except for exemplar
13	documents).

14	Judge Illston's May 23, 2006 order stated: "For the vast majority of the documents they have
15	designated as confidential, defendants have provided no justification whatsoever to defend their
16	designations," and "within 30 days of the entry of this order defendants may file a motion to
17	maintain the confidentiality designations of those specific documents that they believe should be
18	kept confidential, including justifications as well as copies of the documents involved."  May 23,
19	2006 Order (docket number 370) at 2-3.  Moreover, Judge Illston stated that Defendant was
20	required to make a specific showing for each document for the confidentiality designation.  <u>See</u> May
21	23, 2006 Order (docket number 370) at 4. Judge Illston had previously warned Defendants: "Any
22	failure on defendants' part to promptly address the problem of overdesignation will result in
23	sanctions." Apr. 3, 2006  Order (docket number 166) at 1.

24	While Defendants timely filed their motion to maintain confidentiality designations,
25	Defendants failed to meaningfully meet and confer prior to filing it.  In fact, once the parties met and
26	conferred after the motion was filed, Defendants greatly reduced the scope of the documents they
27	sought to have designated as confidential.  This effort was too little, too late, and demonstrates that
28	Defendants did not designate documents in good faith in the first place.  Defendants emphasize that

1  the original motion sought to designate 871 pages or documents and a CD with 102 megabytes of
2  data, but the amended motion sought to designate only 633 pages of documents, 128 pages of
3  deposition testimony and no electronic data.  Again, Defendants did too little, too late.  Publicly
4  available documents, such as newspaper articles, were still included in the motion to maintain
5  confidentiality designations, leading the Court to deny the motion in large part.  See Aug. 10, 2006
6  Order (docket number 462) at 2 ("But even a brief examination of that exhibit reveals documents
7  that are plainly not privileged, including a newspaper article and job descriptions.").  This is the most
8  egregious example, although not the only one, of Defendants' violation of the letter and spirit of
9  court orders.

10  Defendants' over-designation of documents as confidential also violated this Court's
11  standing order on confidential and sealed documents, which states: "Before designating any specific
12  information "Confidential" or "Confidential - Attorneys' Eyes Only," the designating party's
13  counsel shall make a good faith determination that the information warrants protection under Rule
14  26(c) of the Federal Rules of Civil Procedure."  In particular, the filing of Defendants' motion to
15  maintain confidentiality designation showed that Defendants' designations were not in good faith, as
16  more than 25% of the documents and all of the computer data were de-designated at a meet and
17  confer session that took place belatedly after the motion was filed.  Moreover, even after the number
18  of documents with the confidentiality designation was reduced, the confidential documents still
19  included publicly available documents.

20  Sanctions are warranted pursuant to Rule 37(b) against Defendants and their counsel for the
21  over-designation of documents as confidential.  Counsel bears some responsibility in that he was
22  aware of these court orders, yet did not comply.  For example, counsel acknowledged in a
23  declaration that the meet and confer process for the motion to maintain confidentiality, and the
24  subsequent de-designation of hundreds of documents, took place after the motion was filed.  See
25  Defs.' Opp'n at Pl.'s Mot. for Sanctions at 2; Amended Decl. of Gary Lafayette (docket number
26  412) at ¶¶ 17-19.  But at the same time, counsel failed to de-designate publicly available documents,
27  such as newspaper articles and those available on the Alameda County Superior Court website.
28  Further, there is no showing that Defendants' failure to comply with court orders was substantially

4

1 justified. No other circumstances make a sanctions award unjust. The Court need not and does not
2 reach Plaintiff's proposed alternative grounds for sanctions pursuant to 28 US.C. § 1927 and the
3 Court's inherent power.

4    Accordingly, Plaintiff's motion for sanctions is granted. Although Plaintiff failed to file a
5 declaration setting forth her requested attorney's fees and expenses with particularity as required
6 Civil Local Rule 37-3(b)(3), Defendants have suffered no prejudice as a result of that failure. No
7 later than October 27, 2006, Plaintiff's counsel shall file a declaration setting forth with particularity
8 the accounting of fees and costs sought in connection with this motion. Plaintiff is cautioned to limit
9 the fees and expenses sought to those directly related to the issues raised herein. Defendants may
10 respond regarding the reasonableness of the fees and the rates claimed in Plaintiff's counsel's
11 declaration no later than November 3, 2006. The Court will determine the amount of sanctions on
12 the papers without further hearing.

13 **IT IS SO ORDERED.**

Dated: October 23, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge