IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MOE HUMPHREYS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C-04-03808 SI (EDL)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONTINUED ENFORCEMENT OF THE COURT'S JUNE 15 ORDER AND PRIOR ORDERS REGARDING DISCOVERY INTO DEFENDANTS' BUSINESS JUSTIFICATION** |

　　　　On August 22, 2006, Plaintiff filed a Motion for Continued Enforcement of the Court's June 15 Order regarding Discovery into Defendants' Business Justification. The matter was fully briefed and the Court held a hearing on October 10, 2006. For the reasons stated at the hearing, the Court issues the following Order:

1. Defendants have represented that they have produced correspondence, settlement agreements and other documents related to Chris Dawson's termination and subsequent settlement with Defendant Regents. If so, Defendants shall provide Plaintiff with a declaration from the person or persons most knowledgeable about the search done for responsive documents describing the search and that all documents have been produced. To the extent that Defendants have not already produced such documents, they shall do so immediately.

2. Defendants shall provide to Plaintiff declarations from the person or persons most knowledgeable about the search done for documents produced or required to be produced pursuant to the following discovery requests and related court orders regarding what Plaintiff refers to as "sweetheart deals," which includes settlement agreements with the University and work done pursuant to the settlements: Plaintiff's interrogatories (set no. 2) nos. 8-13, Plaintiff's requests for production (set no. 1) nos. 17 and 18, Plaintiff's requests for

production (set no. 3) nos. 8 and 10, Plaintiff's requests for production (set no. 4) no. 13 and Plaintiff's requests for production (set no. 7) nos. 1-17 and 19. The declarations shall explain how the declarants searched for these documents, where they searched, and shall confirm that Defendants have produced all responsive documents.

3. After Defendants have provided the declaration(s) described in the preceding paragraph, Defendants shall make Defendant Mark Stephens and former Associate Chancellor John Cummins available for deposition. The depositions may be taken on any subject, and each one may last no longer than four hours. The parties shall review the Court's Standing Order regarding Discovery relating to conduct during deposition. Defendants shall reimburse Plaintiff for all reasonable costs related to the depositions.

4. Defendants shall no longer reserve the right to supplement their prior discovery responses; any purported reservation of such right is of no effect.

**IT IS SO ORDERED.**

Dated: October 24, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge

2