IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MOE HUMPHREYS, | No. C-04-03808 SI (EDL) |
| Plaintiff, | **SANCTIONS ORDER** |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | |
| Defendants. | |

On October 23, 2006, the Court issued an Order granting Plaintiff's motion for sanctions, and ordering further briefing on the amount of sanctions. On October 27, 2006, Plaintiff's counsel filed a declaration in support of Plaintiff's sanctions award. On November 3, 2006, Defendants filed a response to that declaration. On November 8, 2006, Plaintiff's counsel filed a responsive declaration.

Plaintiff seeks $57,735.00 in fees and $2,143.26 in costs, which includes amounts incurred only by the Calvo & Clark firm, and not by co-counsel Sinclair Law Firm. Declaration of Kathleen Fisher ¶ 4. Plaintiff includes fees and costs incurred with respect to: (1) nine administrative motions to seal from February to August 2006 caused by Defendants' overdesignation; (2) two motions to lift protective order and opposition to Defendants' motion to maintain confidentiality; (3) motion for protective order sanctions; (4) repeated attempts to meet and confer about overdesignations from February to August 2006; and (5) expense of preparing the declaration and attachments explaining these expenses. Fisher Decl. ¶ 6. Defendants do not challenge any of Plaintiff's claimed costs, which are for photocopying. Fisher Decl. ¶ 16, Ex. C.

Plaintiff does not seek fees for: (1) work performed during the period of November 2005 through January 2006 due to Defendants' refusal to modify the protective order to allow

1  overdesignated confidential documents to be shown to experts and Defendants' objections to the use
2  of overdesignated confidential documents at third party depositions; (2) fees incurred because of
3  Defendants' misuse of the protective order to obstruct depositions and trial preparation by insisting
4  that many trial exhibits be treated unnecessarily as confidential; and (3) extra expenses that mistaken
5  confidentiality designations caused in filing materials with the Court.  Fisher Decl. ¶¶ 7-9.

6        Plaintiff's counsel states that the rates claimed are discounted for Plaintiff and are below San
7  Francisco market rates.  Fisher Decl. ¶¶ 13, 15.  Defendants do not dispute the reasonableness of the
8  rates sought and the Court finds them reasonable.

9        Defendants challenge the amount of fees on the ground that Plaintiff is entitled only to fees
10 attributable to the July 18, 2006 motion for sanctions.  Defendants also challenge specific entries in
11 Plaintiff's billing records in the following categories: (1) fees for more than one attorney attending
12 the same hearing or meet and confer session; (2) fees for several attendees at the same interoffice
13 conference; (3) fees for purported block billing or vague entries; (4) fees for allegedly excessive
14 billing (e.g., many hours for drafting short letters); (5) fees for review of documents after Plaintiff
15 filed them; (6) fees attributable to alleged inefficiencies in level of staff working on a task; (7) fees
16 attributable to alleged duplication of tasks; (8) billing claimed to be unrelated to the protective order
17 or confidentiality; (9) bracketed explanations of time entries; (10) fees for preparing Fisher's
18 declaration in support of sanctions; and (11) fees for Plaintiff's first motion to vacate the protective
19 order.

20       Upon careful review of the briefs and of Plaintiff's billing records, the Court concludes that
21 Plaintiff is entitled to a sanctions award in the amount of $47,622.50 in fees and $2,143.26 in costs,
22 as described in more detail below.  The Court recognizes that this constitutes a significant amount of
23 sanctions.  However, this amount is commensurate with Defendant's lengthy conduct leading to the
24 sanctions.  Defendants' overdesignation of documents as confidential needlessly caused extensive
25 litigation that was extremely time-consuming and burdensome for the parties and for the Court.
26 Plaintiff's counsel's declaration explaining her firm's billing records is thorough and credible, and
27 shows that counsel reviewed the records critically and followed the Court's direction to limit her
28 request for fees to "those directly related to the issues raised herein."  Oct. 23, 2006 Order at 5:9.

2

1    Defendants argue that it is unreasonable for several of Plaintiff's representatives to bill for
2 attending the same hearings and meet and confer sessions. See, e.g., Fisher Decl. Ex. B at 6/20/06
3 entry, 6/26/06 entry, 7/20/06 entry and 8/8/06 entry. Plaintiff states that the meet and confer
4 sessions lasted for hours at a time and needed more than one attorney because different attorneys
5 and paralegals have different functions, and that Defendants themselves had more than one attorney
6 there. Reply Declaration of Kathleen Fisher ¶ 12. The Court also notes the extremely contentious
7 nature of the litigation and the shifting positions taken by Defendants on discovery, resulting in the
8 need for heightened vigilance by Plaintiff at the meet and confer sessions. See, e.g., Oct. 26, 2006
9 Order Granting in Part Pl.'s Mot.for Continued Enforcement of Court's Order re: Server Paths at
10 3:20-4:3 (noting Defendants' counsel's misstatement to the Court regarding the number of
11 documents to be produced). Attendance by two or three representatives at hearings and meet and
12 confer sessions was reasonable under these particular circumstances.

13    Defendants argue that it was unreasonable for several attorneys to bill for the same
14 interoffice conferences. See, e.g., Fisher Decl. Ex. B at 2/1/06 entry; 2/3/06 entry; 2/6/06 entry;
15 2/7/06 entry; 8/7/06 entry; see also Defenbaugh v. JBC & Associates, Inc., 2004 WL 1874978, at *9
16 (N.D.Cal. Aug.10, 2004) ("time billed for communications between counsel must be reduced if the
17 hours are excessive or unreasonable."). Most of these conferences lasted only .50 hours. Again,
18 Plaintiff persuasively explains that these relatively brief conferences were necessary for partners to
19 confer with associates about the case. Reply Fisher Decl. ¶ 13. The amount sought for these items
20 is reasonable.

21    Defendants also argue that there are 75 instances of block billing entries so it is impossible to
22 determine how much time was spent on each task and whether that time was reasonable for those
23 entries. See, e.g., Fisher Decl. at 6/21/06 entry for Attorney Kathleen Fisher; 7/7/06 entry for
24 Attorney Maya Sinclair. Plaintiff's counsel, however, states in her declaration that all such entries
25 are directly related to Defendants' overdesignation of documents, and the Court has no reason to
26 disbelieve counsel, especially in light of the reductions she already made in seeking sanctions. See
27 Fisher Decl. ¶ 6 (entries are all directly related to Defendants' overdesignation of documents).
28 Moreover, Plaintiff did not engage in the kind of egregious block billing in which large amounts of

3

time are billed for numerous tasks, and which would result in disallowance of fees. Instead, for the most part, the examples of block billing are for relatively short amounts of time. Therefore, fees in this category will not be reduced.

Defendants also complain that Plaintiff spent too long on certain tasks. For example, Defendants argue that spending over fifty hours on the opposition brief regarding the protective order by Attorney Freeman was unreasonable. See Fisher Decl. Ex. B at 6/06 entries by Attorney Freeman. However, in Plaintiff's counsel's reply declaration, counsel states that Attorney Freeman's work on the opposition included reviewing more than 1,500 pages of confidential documents. Further, just before Plaintiff's opposition was to due, Defendants submitted revised confidential materials which required Attorney Freeman to substantially re-write the brief. Reply Fisher Decl. ¶ 9. Under these circumstances, the Court does not find that the amount of time spent by Attorney Freeman on the opposition brief was unreasonable, or that counsel engaged in any other instance of excessive billing.

Defendants also argue that Plaintiff's counsel should not be reimbursed for reviewing documents the day after filing. For example, Defendants point to Attorney Fisher's entry on June 7, 2006 for .50 hours: "Review and revise administrative motion," and to the docket, which shows that the administrative motion was filed on June 6, 2006. Attorney Fisher does not respond directly to this entry in her reply declaration. Accordingly, the Court disallows fees for that entry ($162.50). Defendants also point to 3.5 hours for Attorney Lee on August 4 and 5, 2006 for time spent reviewing documents that had already been filed. Plaintiff's counsel, however, adequately explains that Attorney Lee was reviewing documents to draft a reply supporting the sanctions motion, which is reflected in her records for August 5, 2006. Defendants also point to 3.5 hours for Attorney Bordon on May 2, 2006 ("Prepare and file pleadings; review case materials.") as referencing documents that were previously filed. Plaintiff's counsel explains that Attorney Bordon's time was spent on the day the pleadings were filed, not the next day, which is corroborated by the docket. Defendants have not made a sufficient showing to reduce the sanctions award by the time spent by Attorney Lee or Bordon in these examples, or by any other alleged instances of over-billing in this category.

4

1    Defendants also argue that counsel billed for tasks that were more appropriate for staff rather
2 than counsel.  For example, Defendants point to Attorney Lee's time entry for March 10, 2006, April
3 11, 2006 and June 20, 2006, for "review and organize supporting exhibits, prepare documents to be
4 filed under seal and redacted," "organize courtesy copies for chambers," and "reserve court for meet
5 and confer."  The Court is persuaded by Plaintiff's counsel's explanation that Defendants'
6 overdesignation of documents made the process of organizing and filing documents with the court
7 more difficult and therefore appropriate for a lawyer.  See Reply Fisher Decl. ¶ 18.  However, fees
8 attributable to time spent reserving the court for meet and confer, which did not have to be done by
9 counsel regardless of whether documents were overdesignated, was excessive.  Therefore, in this
10 category, the Court reduces the sanctions award by .50 hours for Attorney Lee's time ($100.00).

11    Defendants also argue that Plaintiff improperly double-billed.  For example, Defendants
12 point to hours spent in February 2006 for research into "undoing the protective order," and then
13 research in April 2006 on the protective order.  Plaintiff adequately explains these billing entries by
14 stating that between February and April, Defendants made new arguments about the protective order
15 and Judge Illston ordered a meet and confer about overdesignation in her April 3, 2006 Order.
16 Reply Fisher Decl. ¶ 19.  Defendants also point to allegedly duplicative billing by Attorney Freeman
17 on June 24 and 25, 2006, for "Prepare talking points regarding protective order for meet and confer;
18 draft opposition brief," and "Draft opposition brief regarding protective order and help prepare
19 materials for meet and confer."  These entries do not establish duplicative billing; rather, he simply
20 worked on these issues on more than one day.

21    Defendants also argue that Plaintiff seeks compensation for time unrelated to the issues in
22 the order granting sanctions.  Specifically, Defendants point to Attorney Lee's June 20, 2006 entry
23 for 3.20 hours: "Review distributions and correspondence from G. Lafayette; draft correspondence
24 regarding meeting and conferring . . . ."  Defendants argue that while Attorney Lee wrote a short
25 letter about meet and confer dated on June 20, 2006, on the same day she also wrote an extensive
26 letter on Defendants' privilege log.  See Defs.' Opp'n at Ex. B, C.  Plaintiff's counsel's reply
27 declaration does not respond to this specific example.  Because the Court cannot determine from the
28 record whether Attorney Lee's time for drafting correspondence regarding meeting and conferring

5

1 was related to the confidentiality issue, the Court will reduce the sanctions award by one hour for
2 Attorney Lee's time ($200.00). Defendants also point to Fisher's time entries for June 5 and 6,
3 2006, totaling 1.7 hours, which Plaintiff states is related to the preparation of a discovery conference
4 statement, a key element of which was the protective order and the confidentiality dispute. Reply
5 Fisher Decl. ¶ 20. Because it is not clear that this amount is properly limited to the time spent on the
6 relevant portion of the discovery conference statement, the Court will reduce the sanctions award by
7 1.70 hours on June 5 and 6, 2006 ($552.50).

8   Defendants also argue that time entries containing explanatory information in brackets
9 inserted after the billing records were originally prepared should be disallowed. According to
10 Plaintiff, these bracketed entries were used to clarify entries that otherwise would not on their face
11 show that they were related to the confidentiality issues. Reply Fisher Decl. ¶ 21. The Court finds
12 Plaintiff's explanation credible and declines to strike all fees with bracketed entries. Defendants
13 point specifically to Attorney Bordon's time on April 9, 2006: "Prepare letter to G.Lafayette
14 [regarding overdesignation of documents]." Defendants say that Attorney Bordon sent a half-page
15 letter on April 10, but that he also sent a five-page letter regarding discovery, the privilege log and
16 verifications. See Defs.' Opp'n at Ex. F, G. Plaintiff's counsel does not address this specific
17 example. It appears that the longer letter regarding unrelated issues took the majority of the time
18 billed by Attorney Bordon on that day. Therefore, the sanctions award will be reduced by 2.8 hours
19 for Attorney Bordon ($700.00).

20   Defendants also argue that Plaintiff should not be reimbursed for time spent preparing the
21 declaration for fees on October 27, 2006 because Defendants believe it is clear that Plaintiff's
22 counsel spent an excessive amount of time revising deficient billing. Time spent preparing a motion
23 for fees is compensable in general. Davis v. City of San Francisco, 976 F.2d 1536, 1544 (9th Cir.
24 1992), vacated in part on other grounds 984 F.2d 345 (9th Cir. 1993). However, Plaintiff spent over
25 twenty-two hours to draft the declaration and supporting materials. While careful preparation takes
26 time, the Court reduces the total in this category by 5 hours for Attorney Fisher ($1,625.00).

27   Finally, Defendants argue that any time related to the first motion to vacate the protective
28 order should be stricken because Judge Illston denied that motion. See Defs.' Opp'n at 13:4-14

6

(disputed billing entries for this category). Judge Illston explained in her Order denying the motion that "defendants appear to have improperly designated a large number of documents as confidential. Improperly designating documents as confidential places an enormous burden on both the parties and, through the overuse of sealed filings, on the Court," which arguably supports including these fees in the sanctions award. However, Judge Illston contemplated imposing sanctions going forward rather than for past behavior, stating that: "[a]ny failure on defendants' part to promptly address the problem of overdesignation will result in sanctions." April 3, 2006 Order (docket number 166) at 1. Thus, fees associated with work on the first motion to vacate the protective order are not within the scope of this Court's sanctions order, and the sanctions award will be reduced by $6,772.50 for this time.

Accordingly, the Court awards $47,622.50 in fees and $2,143.26 in costs as reasonable fees and costs incurred as a result of Defendants' over-designation of documents as confidential.

**IT IS SO ORDERED.**

Dated: November 14, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge